IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CASSELL BROWN, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )  No. 2:14-cv-02951-STA-tmp |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Defendant. | ) |

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

On December 9, 2014, Petitioner Cassell Brown, Bureau of Prisons no. 15884-076, an inmate then-in custody at the Federal Prison Camp in Millington, Tennessee, filed a filed a *pro se* petition pursuant to 28 U.S.C. § 2241 (ECF No. 1). Petitioner raised a single issue in support of his petition and challenged the warden's decision to deny his request for placement at a residential reentry center. (*Id.*; *see also* Gov't's Mot. to Dismiss 2, ECF No. 8.) On December 11, 2014, the Court directed Petitioner to file an *in forma pauperis affidavit* or pay the habeas filing fee. (ECF No. 3.) Thereafter, Petitioner paid the filing fee, and on January 26, 2015, the Court ordered the United States to respond to the habeas petition. (ECF No. 6.) On February 18, 2015, the United States filed a Motion to Dismiss (ECF No. 8) the petition for failure to exhaust administrative remedies. The government's brief also pointed out that Petitioner was scheduled to be released from custody on or about February 29, 2015, effectively rendering the petition for habeas corpus relief moot. Petitioner responded in opposition to the Motion to Dismiss. (ECF

No. 11.) Petitioner asserted without explanation that his petition would not be moot because the injury was capable of repetition but evading review. According to the Bureau of Prisons database, Petitioner was released from custody on February 27, 2015.

## ANALYSIS

I. **Mootness**

Article III of the United States Constitution grants the federal courts jurisdiction to adjudicate only actual, ongoing cases or controversies.[1] "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."[2] The Sixth Circuit has held that in a habeas proceeding, "it is not enough that a dispute was alive when [the] habeas corpus petition was filed in the district court. [The petitioner] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision."[3] Where intervening events occur during the pendency of the habeas proceedings and preclude the Court from granting the requested relief, the petition becomes moot.[4] In *Brock*, the habeas petitioner sought only one form of relief in his petition, the BOP's immediate consideration of his request for placement in a halfway house or "community corrections center."[5] After the petitioner filed his § 2241 petition in the district court, the petitioner was placed in a halfway house and subsequently released from custody. The Sixth Circuit concluded that under the circumstances

---

[1] *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

[2] *Id.*

[3] *Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007).

[4] *Berger v. Cuyahoga Cnty. Bar Assoc.*, 983 F.2d 718, 724 (6th Cir. 1993).

[5] *Brock*, 256 F. App'x at 749.

"no actual injury remains which the Court could redress with a favorable decision in this appeal."[6]

For similar reasons the Court holds that Petitioner's request for relief is now moot. Petitioner was released from custody on February 27, 2015, nine days after the United States filed its Motion to Dismiss. The only relief Petitioner requested in this case was his immediate transfer to a residential reentry center, pending his release from federal custody. It is not clear to the Court how any actual injury remains in this case, which a favorable ruling from the Court would redress. Thus, the petition appears to be moot. Petitioner does state in his response in opposition to the Motion to Dismiss that his injury is capable of repetition but evading review. An exception to the mootness doctrine allows a federal court to continue to exercise jurisdiction where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again."[7] In this case, the Court has no reason to believe or expect that Petitioner would be subjected to the same action again. Therefore, the Court concludes that the petition is moot. Respondent's Motion to Dismiss is **GRANTED**. Judgment will be entered in favor of Respondent.

## II. Appellate Issues

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1).[8]

---

[6] *Id.* at 750 (declining to follow the Second Circuit holding that a habeas petitioner's release under similar facts did not render the appeal moot).

[7] *Martinez v. United States*, 793 F.3d 533, 557 (6th Cir. 2015) (citations omitted).

[8] *Durham v. United States Parole Comm'n*, 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief

However, if Petitioner files a notice of appeal, he must either pay the entire $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917 or obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[9] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[10] Rule 24(a) also provides that if the district court certifies an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis,* the party must file his motion to proceed *in forma pauperis* in the appellate court.[11]

In this case, because Petitioner clearly is not entitled to relief, the Court finds that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal *in forma pauperis* is **DENIED**. Accordingly, if Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee to this Court or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 28, 2015.

---

under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

[9] *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

[10] Fed. R. App. P. 24(a)(1).

[11] *See* Fed. R.App. P. 24(a)(4)-(5).